IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ELNA MARTINEZ,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT<br><br><br><br>Case No. 2:09-CR-891 TS |

This matter is before the Court on Defendant's Motion seeking to amend the Judgment entered in this case. Specifically, Defendant requests a reduction in the 70-month sentence she previously received. Because the Court is without authority to amend the Judgment as requested, Defendant's Motion must be denied.

I. BACKGROUND

Defendant pleaded guilty to possession of cocaine with intent to distribute. On June 7, 2010, Defendant was sentenced to 70 months in the custody of the Bureau of Prisons. Defendant now requests a reduction in her sentence so that she may return home to take care of her daughter.

## II. DISCUSSION

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[1] Because Defendant's Motion is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, her Motion depends on 18 U.S.C. § 3582(c)[2] or Federal Rule of Criminal Procedure 36.

"Section 3582(c) . . . provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'"[3] "A court may modify a sentence: (1) in certain circumstances 'upon motion of the Director of the Bureau of Prisons'; (2) 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure'; or (3) 'upon motion of the defendant or the Director of the Bureau of Prisons,' or on the court's own motion in cases where the applicable sentencing range 'has subsequently been lowered by the Sentencing Commission.'"[4]

None of these avenues apply here. There is no motion from the Director of the Bureau of Prisons, nor has Defendant's sentencing range been lowered by the Sentencing Commission. Rule 35 is equally inapplicable. Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." As Defendant brings this Motion well after the fourteen-day period set out in Rule 35(a), the

---

[1] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[2] *See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

[3] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

[4] *Id*. at 947–48 (quoting 18 U.S.C. §§ 3582(c)(1)(A), (c)(1)(B), (c)(2)).

provision is inapplicable.[5] Further, none of the reasons set out in Rule 35(a) apply here. Defendant does not point to any arithmetical, technical, or other clear error in her sentence. Rule 35(b) provides for a reduction upon motion of the government. Here, there is no motion by the government. For these reasons, Section 3582(c) and Rule 35 are inapplicable. Thus, the Court turns to Federal Rule of Criminal Procedure 36.

Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." While Rule 36 "gives the court authority to correct clerical-type errors" it "does not authorize substantive sentencing modification."[6] As Defendant seeks a substantive modification of her sentence, rather than to correct a clerical-type error, Rule 36 is inapplicable.

### III. CONCLUSION

Defendant has provided no basis that would allow the Court to amend the Judgment in this case as Defendant seeks. It is therefore

ORDERED that Defendant's Motion to Amend Judgment(Docket No. 65) is DENIED.

---

[5]*United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994) (time limit imposed by Rule 35 is jurisdictional).

[6]*Blackwell*, 81 F.3d at 948–49.

3

DATED   March 17, 2011.

                              BY THE COURT:

                              _____
                              TED STEWART
                              United States District Judge